UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KAREN ALFONSO, Individually, and on
behalf of Melanie Pericat,

    Plaintiff,

v.                                                     Case No.:   2:20-cv-289-FtM-66MRM

MV TRANSPORTATION, INC.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Before the Court are Defendant's Motion to Dismiss Count II of Plaintiff's Complaint (Doc. 8) and Plaintiff's Motion for Leave to Amend Complaint (Doc. 16). These matters were referred to the Undersigned for Report and Recommendation. (Doc. 20). The Undersigned notes that in the "proposed Amended Complaint, Plaintiff is dropping the claims for filial consortium in Count II, which are the subject of Defendant's pending Motion to Dismiss (Doc. 8)." (Doc. 16 at 2). Because the parties agree concerning Count II of Plaintiff's Complaint, the Undersigned recommends **DENYING AS MOOT** Defendant's Motion to Dismiss (Doc. 16). For the reasons set forth below, the Undersigned also recommends that Plaintiff's Motion for Leave to Amend Complaint (Doc. 16) be **GRANTED IN PART** and **DENIED IN PART**.

## BACKGROUND

The issue before the Court is whether Plaintiff may amend her Complaint to add a non-diverse defendant, thereby destroying diversity jurisdiction and necessitating remand. Plaintiff originally filed her Complaint in Florida state court alleging one count of negligence and one count for loss of filial consortium as a result of an injury Plaintiff allegedly suffered through Defendant's transportation business. (*See* Doc. 5). At that time, and currently, MV

Transportation Inc. ("MV") was the only named Defendant. (*Id*.). Thereafter, MV removed the action from state court to this Court, invoking diversity jurisdiction as complete diversity existed between the parties. (Doc. 1).

In addition to dropping Count II (for loss of filial consortium), Plaintiff also seeks leave to state a claim against MV's employee, Frederick Deon Hawkins, "as he was the employee or agent of MV Transportation whose negligent actions resulted in the injuries" to Plaintiff. (Doc. 16 at 2). In support thereof, Plaintiff argues that there is no "dilatory conduct by Plaintiff, as she is seeking amendment shortly after the action was removed." (*Id*. at 3). Plaintiff also asserts that "the requested amendment does not raise the possibility of fraudulent joinder." (*Id*.). Moreover, Plaintiff asserts that if the Court denies Plaintiff's Motion to add Mr. Hawkins, "there will be prejudice to Plaintiff as she will be required to file a separate lawsuit in State court in order to pursue her claim against the negligent driver." (*Id*. at 4). "This," Plaintiff argues, "would result in additional litigation expenses as well as the possibility of conflicting decisions" and "the potential for inconsistent verdicts is significant." (*Id*.).

In response, Defendant argues the Court should deny the Motion and retain jurisdiction. Specifically, Defendant argues that Plaintiff acted in dilatory manner by failing to name Mr. Hawkins as a defendant in the state court matter, despite the fact that his "identity had been known by Plaintiff since her initial investigation into this claim." (Doc. 18 at 5). It is Defendant's position that "Plaintiff made the conscious decision <u>not</u> to include the driver" and "it is clear Plaintiff's only goal in doing so is to defeat diversity jurisdiction and have this action remanded back to" state court. (*Id*. (emphasis in original)). Defendant also argues that it "readily admits that it would be vicariously liable for any negligence of its driver" and that "Plaintiff's Proposed Amended Complaint [raises] no cause of action [] that would give rise to a

2

source of additional liability, or a single dollar of additional damages, specific to Mr. Hawkins that would not be attributable to MV." (*Id*. at 5-6). Furthermore, Defendant argues that Plaintiff "will be free to depose Mr. Hawkins as it [sic] would have if he were a party" and that there are no "circumstances in this case that require the [sic] Mr. Hawkins' presence as a necessary party." (*Id*.). Thus, Defendant's argue Plaintiff has failed to show any injury "that would occur should its [sic] Motion for Leave to Amend be denied." (*Id*.).

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that after a responsive pleading is served, "a party may amend its pleading only with the opposing party's written consent or the [C]ourt's leave. The [C]ourt should freely give leave when justice so requires." The decision whether to permit an amendment is within the sound discretion of the court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, the Supreme Court has held that the words "leave shall be freely given" must be heeded. *Id.* Consequently, the Court must find a justifiable reason to deny a request for leave to amend. *Id.* "[T]he Supreme Court indicated that a court should deny leave to amend a pleading only when: (1) the amendment would be prejudicial to the opposing party, (2) there has been bad faith or undue delay on the part of the moving party, or (3) the amendment would be futile." *Taylor v. Florida State Fair Authority*, 875 F. Supp. 812, 814 (M.D. Fla. 1995) (citing *Foman*, 371 U.S. at 182); *see also Carruthers v. BSA Advert.*, 357 F.3d 1213, 1217 (11th Cir. 2004).

Yet because "Plaintiff's amended complaint seeks to join a non-diverse defendant, it must be analyzed under 28 U.S.C. § 1447(e)." *Adkins v. Allstate Fire and Cas. Ins. Co.*, No. 2:14-cv-588-FtM-38DNF, 2015 WL 64544, at *2 (M.D. Fla. Jan. 5, 2015). "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter

3

jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). "In determining whether to permit or deny joinder of a non-diverse party, a district court must either (1) deny joinder, or (2) permit joinder and remand the case to state court." *Id*. (citing *Ingram v. CSX*, 146 F.3d 858, 862 (11th Cir. 1998)). Because the Court's decision to grant or deny joinder necessarily affects its jurisdiction, "the joinder of a non-diverse party should not be permitted without consideration of the original defendant's interest in the choice of the federal forum." *Id*. (citing *Seropian v. Wachovia Bank, N.A.*, No. 10-80397-Civ, 2010 WL 2822195, at *3 (S.D. Fla. July 16, 2010)). "A district court, when faced with an amended pleading adding a non-diverse defendant in a case removed based on diversity jurisdiction, 'should scrutinize that amendment more closely than an ordinary amendment' and should deny leave to amend unless strong equities support the amendment." *Id*. (citing *Linares v. Home Depot U.S.A., Inc.*, No. 12-60308-Civ, 2012 WL 1441577, at *2 (S.D. Fla. Apr. 26, 2012)).

In scrutinizing the proposed amendment, the Court should apply the factors set forth in *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). *See Espat v. Espat*, 56 F. Supp. 2d 1377, 1382 (M.D. Fla. 1999) (applying *Hensgens* factors to § 1447 analysis). These factors include: "(1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether plaintiff has been dilatory in asking for [the] amendment, (3) whether plaintiff will be significantly injured if [the] amendment is not allow[ed], and (4) any other factors bearing on the equities." *Adkins*, 2015 WL 64544, at *2 (citing *Hensgens*, 883 F.2d at 1182).

As described below, these factors weigh against Plaintiff's proposed amendment.

## DISCUSSION

As a threshold issue, the Undersigned notes that Plaintiff makes an argument concerning fraudulent joinder (*see* Doc. 16 at 4), but Defendant does not appear to contend that Plaintiff seeks to add Mr. Hawkins for fraudulent purposes. Thus, the Undersigned finds that the Court need not address this issue.

As to the first *Hensgens* factor, the Undersigned notes that both parties cite case law in support of their position that Plaintiff's intent or purpose is either relevant or irrelevant. For example, Plaintiff relies on *Bechtelheimer v. Continental Airlines, Inc.*, 776 F. Supp. 2d 1319, 1322 (M.D. Fla. 2011) for the proposition that "[i]n determining the above factors, the trial court is not required to make an inquiry into the motive of plaintiff in seeking to add a diverse defendant." (Doc. 16 at 3). In turn, Defendant cites *Alleyne v. Am. Sec. Ins. Co.*, No. 11-60302-Civ-DIMITROULEAS, 2011 WL 12711451, at *3 (S.D. Fla. Apr. 12, 2011), for the proposition that a court "should be very suspicious of the timing of an amendment where, as here, a plaintiff seeks to add a non-diverse defendant directly after removal but before additional discovery." (Doc. 18 at 3). While the Court "is not required" to inquire into Plaintiff's motive, "[a] plaintiff is not entitled to add non-diverse defendants in a case simply to defeat the defendant's right of removal." *O'Neill v. KB Home Inc.*, No. 07-61490-CIV-DIMITROULEAS, 2008 WL 11419017, at *4 (S.D. Fla. Jan. 2, 2008). And courts will deny a motion to amend where a plaintiff's "motivation in bringing the instant motion is to destroy diversity jurisdiction." *Adkins*, 2015 WL 64544, at *3 (citing *Osgood v. Disc. Auto Parts, LLC*, 995 F. Supp. 2d 1352, 1355 (S.D. Fla. 2013)).

Here, Plaintiff offers no explanation whatsoever as to why she is seeking to add Mr. Hawkins only after removal. In fact, Plaintiff merely argues that "she is seeking amendment

shortly after this action was removed." (Doc. 16 at 3). Yet Defendant asserts Plaintiff knew of Mr. Hawkins "since her initial investigation into this claim." (Doc. 18 at 5). Defendant further contends that "Plaintiff had ample opportunity to draft a complaint naming the driver." (*Id*.). Defendant's argument—which Plaintiff does not successfully refute—persuades the Undersigned that Plaintiff acted in a dilatory manner and is likely seeking to add Mr. Hawkins for the purposes of defeating federal jurisdiction.

As to the remaining two factors, the Undersigned also finds they weigh against Plaintiff. Plaintiff's only argument concerning prejudice is that she will need to file a parallel suit against Mr. Hawkins in state court resulting in additional costs and the possibility of conflicting decisions. Importantly, Plaintiff fails to show that she cannot obtain full relief from Defendant in this Court without the presence of Mr. Hawkins, that she cannot conduct discovery against Mr. Hawkins irrespective of his status as a party, or that Defendant would not be able to satisfy fully any judgment in Plaintiff's favor. While the costs and time associated with parallel lawsuits do not serve the purpose of judicial economy, the Undersigned nonetheless finds that Plaintiff has failed to demonstrate a prejudice so great as to outweigh the other factors in Defendant's favor and in favor of the Court retaining jurisdiction. *See Small v. Ford Motor Co.*, 923 F. Supp. 2d 1354, 1358 (S.D. Fla. Feb. 14, 2013) (denying motion to join non-diverse party and finding that, *inter alia*, where plaintiff can bring parallel suit in state court balance of equities weigh against allowing amendment). For these reasons, the Undersigned finds that the equities weigh in favor of the Court denying Plaintiff's Motion insofar as it seeks to add Mr. Hawkins, a non-diverse party.

## CONCLUSION

The Undersigned finds that the Court should deny Plaintiff's request to add Mr. Hawkins as a defendant in this matter. Based on Defendant's arguments, it is more than likely that Plaintiff knew Mr. Hawkins was Defendant's employee at the time they filed their lawsuit in state court, but only moved to add him as a party after Defendant removed the matter to federal court. This fact shows that Plaintiff acted in a dilatory manner and likely filed the instant Motion to divest the Court of diversity jurisdiction. Moreover, Plaintiff has failed to argue convincingly that she will suffer prejudice if the Court denies her request to join Mr. Hawkins. For these reasons, the Court should deny the portion of Plaintiff's Motion seeking to join Mr. Hawkins. However, because the parties agree regarding Plaintiff dropping Count II of the Complaint, the Court should grant Plaintiff's Motion in this regard, allow her to file an Amended Complaint without Count II, and deny Defendant's Motion to Dismiss Count II as moot.

Accordingly, the Undersigned **RESPECTFULLY RECOMMENDS** that:

1. Plaintiff's Motion for Leave to Amend Complaint (Doc. 16) be **GRANTED IN PART** and **DENIED IN PART**.

2. The Undersigned recommends granting Plaintiff's Motion (Doc. 16) to the extent Plaintiff seeks leave to file an Amended Complaint that does not include Count II but denying Plaintiff's Motion to the extent it seeks any greater or different relief.

3. The Undersigned recommends that Defendant's Motion to Dismiss Count II of Plaintiff's Complaint (Doc. 8) be **DENIED AS MOOT** in light of the parties' agreement that Plaintiff will file an Amended Complaint without Count II. (*See* Doc. 16 at 2).

**RESPECTFULLY RECOMMENDED** in Chambers in Ft. Myers, Florida on September 1, 2020.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties