UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KAREN ALFONSO, individually and
on behalf of MELANIE PERICAT,

        Plaintiffs,

v.                                   Case No: 2:20-cv-289-JLB-MRM

MV TRANSPORTATION, INC.,

        Defendant.
_____/

## ORDER

This cause comes before the Court on Defendant's Motion to Dismiss Count II of Plaintiffs' Complaint (Doc. 8), filed on May 5, 2020, and Plaintiffs' Motion for Leave to Amend Complaint (Doc. 16), filed on May 20, 2020. On September 1, 2020, the Magistrate Judge recommended that Defendant's Motion to Dismiss Count II of Plaintiffs' Complaint (Doc. 8) be denied as moot, and that Plaintiffs' Motion for Leave to Amend Complaint (Doc. 16) be granted in part and denied in part. See Report and Recommendation (Doc. 22). No party has objected to the Magistrate Judge's Report and Recommendation, and the time for doing so has passed. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Local Rule 6.02(a).

Upon conducting a de novo review of the file, the Court agrees with the Magistrate Judge's Report and Recommendation. Plaintiffs' motion to amend is unopposed insofar as it seeks to omit the loss-of-filial-consortium claim pleaded in Count II of the original complaint. Plaintiffs accordingly may file an amended

complaint for this purpose. As a result, Defendant's motion to dismiss (Doc. 8) the loss-of-filial-consortium claim is now moot.

On the disputed issue of whether Plaintiffs may amend the complaint to add an additional defendant, namely the driver of the vehicle from the incident at issue, the Court first acknowledges the joinder provision of the federal removal statute, which provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). It does not appear that the Eleventh Circuit has set forth any formalized test for the district courts to discern the appropriateness of the post-removal joinder of a non-diverse defendant. Indeed, the Eleventh Circuit has acknowledged as much in a recent unpublished, non-binding decision. See Hickerson v. Enter. Leasing Co. of Ga., LLC, 818 F. App'x 880, 885 (11th Cir. 2020) (per curiam). There, the Eleventh Circuit recognized that "[d]istrict courts have broad discretion to decide whether, after removal, to permit joinder of a new defendant who would destroy diversity." Id. (quoting 28 U.S.C. § 1447(e)). Recognizing that the Eleventh Circuit does not have binding precedent "that addresses how a district court should decide whether to permit the joinder of a non-diverse defendant after removal," the Hickerson court nevertheless found "decisions from other circuits [to be] instructive." Id. In particular, the Hickerson court applied the five-factor balancing test articulated by the Fifth Circuit in Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987). Hickerson, 818 F. App'x at 885-86; see also Reyes v. BJ's

Rest., Inc., 774 F. App'x 514, 571 (11th Cir. 2019) (per curiam) (applying Hensgens balancing test); Dever v. Family Dollar Stores of Ga., LLC, 755 F. App'x 866, 869-70 (11th Cir. 2018) (per curiam) (same).

This Court agrees with the Magistrate Judge's application of the Hensgens factors here. The Court also notes that the record establishes that Plaintiffs were aware of the identity of the driver at the time they filed the original state court complaint. See Doc. 5 (Complaint, ¶¶ 10-14). Plaintiffs' knowledge prior to the removal of this case of the driver's identity and his role in the alleged harm incurred by Plaintiffs is relevant to the Court's analysis of all four of the Hensgens factors. Without Plaintiffs having articulated any additional mitigating circumstances, Plaintiffs' prior knowledge weighs heavily against permitting Plaintiffs' current attempt to join that non-diverse individual at this post-removal stage of the litigation.

Accordingly, it is **ORDERED** that:

1. The Magistrate Judge's September 1, 2020 Report and Recommendation (Doc. 22) is **ADOPTED AND CONFIRMED** and made a part of this Order.

2. Plaintiffs' Motion for Leave to Amend Complaint (Doc. 16) is **GRANTED IN PART** and **DENIED IN PART**.

3. Plaintiffs are granted leave to file an Amended Complaint that does not include Count II of the original complaint (Doc. 5), but are denied leave to file an Amended Complaint that adds an additional non-diverse defendant.

4. Defendant's Motion to Dismiss Count II of Plaintiffs' Complaint (Doc. 8) is **DENIED AS MOOT**.

**ORDERED** in Fort Myers, Florida on September 22, 2020.

*John L. Badalamenti*

**JOHN L. BADALAMENTI**
**UNITED STATES DISTRICT JUDGE**